

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2006

# USA v. Milstein

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3848

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"USA v. Milstein" (2006). *2006 Decisions.* Paper 132.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/132

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3848
_____

UNITED STATES OF AMERICA,
                                        Appellee,

v.

JEFFREY MILSTEIN,
                                        Appellant.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Crim. No. 00-301)
District Judge: Honorable William G. Bassler

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 28, 2006
_____

Before: FUENTES and GARTH, <u>Circuit</u> <u>Judges</u>, and POLLAK, <u>District</u> <u>Judge</u>[1]
(Filed:  December 5, 2006)
_____

OPINION

---

[1]The Honorable Louis H. Pollak, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

Garth, <u>Circuit</u> <u>Judge</u>:

Jeffrey Milstein appeals his sentence as unreasonable and in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. We have jurisdiction pursuant to 18 U.S.C. § 3742(a). We will affirm.

I

Because the parties are familiar with the facts of this case, we will not recite them here except as necessary to the instant discussion. Milstein was a public accountant who repeatedly used his accounting expertise to assist his clients in illegal, fraudulent schemes. In the spring and summer of 1998, Milstein aided Marc Rousso, a fugitive fleeing securities fraud charges in France, in concealing from the Internal Revenue Service $400,000 in proceeds from Rousso's sale of real property. PSR ¶ 9. When agents of the Federal Bureau of Investigation ("FBI") interviewed Milstein about his activities with Rousso, Milstein lied to them. PSR ¶ 10. On May 15, 2000, pursuant to a cooperating plea agreement Milstein pleaded guilty in the United States District Court for the District of New Jersey to a one-count information charging conspiracy to commit tax fraud in violation of 18 U.S.C. § 371.

Even after this guilty plea, however, Milstein continued to exploit his skills as an accountant to engage in fraudulent investment schemes. In June 2003, an undercover FBI agent posing as a wealthy investor met with one of Milstein's co-conspirators and expressed interest in investing several million dollars in LJD Resources ("LJD"), a supposed business for which Milstein served as the accountant. PSR ¶ 34. The co-conspirator provided the agent

2

with materially false financial statements for LJD, which had been prepared by Milstein. App. 130. The agent later telephoned Milstein with questions about the financial statements, and Milstein confirmed that the information was correct even though he knew it was not. App. 130. As a result of his involvement in the LJD investment scheme, Milstein pleaded guilty on November 19, 2003 in the United States District Court for the Southern District of New York to a one-count indictment charging conspiracy to commit wire fraud. During the guilty plea hearing, Judge Kram informed Milstein that he was subject to an enhanced sentence pursuant to 18 U.S.C. § 3147[2] because he had committed the wire fraud offense while on pre-sentence release for the earlier tax fraud offense. App. 127.

On March 31, 2004, Judge Kram, noting Milstein's guilty plea in this case as well as a prior conviction in New York state court for falsifying business records, imposed a sentence of 46 months' imprisonment for the wire fraud conspiracy offense and a consecutive sentence of 17 months' imprisonment pursuant to 18 U.S.C. § 3147. App. 143, 154.

For the tax fraud conspiracy offense, the Probation Office, using the 1998 Edition of

---

[2]The statute provides:

A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to–

(1) a term of imprisonment of not more than ten years if the offense is a felony; or
(2) a term of imprisonment of not more than one year if the offense is a misdemeanor.

A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

18 U.S.C. § 3147.

3

the Guidelines Manual, determined that Milstein's Base Offense Level pursuant to U.S.S.G. § 2T1.4(a)(1) was 13, based on a tax loss of $55,000. PSR ¶ 18, U.S.S.G. § 2T4.1(H). His Total Offense Level was 15, because Milstein, as a certified public accountant, warranted the two-level enhancement in U.S.S.G. § 2T1.4(b)(1). PSR ¶ 19, 23. Probation recommended against a downward adjustment for acceptance of responsibility because, *inter alia*, Milstein lied during his Probation Office interview about his conduct in this offense. *See* PSR ¶¶ 15-16. Probation also determined that Milstein's state court conviction and sentence for falsifying business records and his conviction and sentence in the Southern District of New York for conspiracy to commit wire fraud resulted in a total of four Criminal History Points, and thus a Criminal History Category of III and an advisory guidelines range of 24-30 months' imprisonment. PSR ¶¶ 29-34, 36, 66.

Before sentencing, Milstein wrote to object to this advisory sentence on a number of grounds. He challenged the withholding of a downward adjustment for acceptance of responsibility, Probation's calculation of the tax loss and the resulting base offense level, and the two-level enhancement under U.S.S.G. § 2T1.4(b)(1). App. 85-86. Milstein also sought a downward adjustment on four additional grounds: (i) the loss amount overstated the seriousness of the offense, U.S.S.G. § 2F1.1 cmt. n.11; (ii) Milstein had no intent to violate the criminal law, U.S.S.G. § 5K2.11; (iii) he suffered "collateral consequences" of his conviction, including the "loss of employment opportunities," U.S.S.G. § 5K2.0; and (iv) since the offense, he has been rehabilitated. App. 87-93. Finally, Milstein argued that the 18 U.S.C. § 3553(a) factors merited a sentence of "time served," or in the alternative, that any

sentence imposed in this case be ordered to run fully concurrently with the sentence imposed by the Southern District of New York. App. 94-96.

The government filed a written response, disputing Milstein's challenges to the calculation of the guidelines range and opposing his motion for downward departures. The government did agree, though, that a partially concurrent sentence would be appropriate, given that the sentence on the wire fraud conspiracy conviction had been increased by 17 months under 18 U.S.C. § 3147. App. 112-18.

At sentencing on August 3, 2005, Milstein raised additional claims. Pursuant to U.S.S.G. § 4A1.1(c), no Criminal History Point should be assigned for his state court conviction for falsifying business records. According to Milstein, because the crime was a misdemeanor rather than a felony, the addition of a Criminal History Point was in error and without that fourth point, Milstein's Criminal History Category would be II rather than III. App. 23. Milstein also argued for a reduced sentence based on his remorse. App. 22.

Judge Bassler first identified all the issues raised by Milstein's written submission, which the Judge had read "several times." App. 17. After argument by Milstein's counsel and the government's response, the District Court expressly rejected as meritless both Milstein's objection to the two-level increase under U.S.S.G. § 2T1.4(b)(1) and his objection to the withholding of a reduction for acceptance of responsibility. App. 27-28. Judge Bassler even re-read the plea allocution to satisfy himself that Milstein had provided inconsistent–and thus, false–information to the FBI regarding his conduct in this offense. App. 28. Next, turning to Milstein's motion for a downward departure, Judge Bassler "decline[d] to

5

downward depart . . . because in evaluating every reason I have looked at in the briefs, I just simply don't think they justify a downward departure." App. 29. Then, evaluating Milstein's case using the sentencing factors listed in 18 U.S.C. § 3553(a), the District Court concluded that none justified a reduction in the advisory sentence. App. 29-30. The District Court also rejected Milstein's challenge to the Criminal History Category, finding that U.S.S.G. § 4A1.2(c) expressly counted sentences for certain prior misdemeanor convictions. App. 31.

After allowing defense counsel an opportunity to argue the extent to which this sentence should run concurrently with the sentence in the wire fraud conspiracy case, and after giving Milstein an opportunity to address the Court, Judge Bassler imposed a sentence of 24 months' imprisonment, 17 months of which would be served concurrently to the wire fraud conspiracy sentence. Supplemental App. 1-2. The Court also imposed a three-year term of supervised release, a $100 special assessment, and a $10,000 fine. The Court explained that these two crimes could have justified fully consecutive sentences, but that he granted a substantial period of concurrency because of the 17-month portion of the sentence Judge Kram imposed under 18 U.S.C. § 3147. App. 38.

II

Milstein first contends that the imposition of a partially concurrent–rather than an entirely concurrent–sentence violated the Double Jeopardy Clause by doubly punishing him for the tax fraud offense. This argument is wholly without merit. The extra 17 months'

6

imprisonment Milstein received for wire fraud conspiracy was not "punishment" for the tax fraud offense for Double Jeopardy purposes. *See Witte v. U.S.*, 515 U.S. 389 (1995) ("In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'") (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)). Indeed, even fully consecutive sentences for these two entirely separate crimes would not have violated the Double Jeopardy Clause.

Next, Milstein argues that the District Court erred in attributing a Criminal History Point to his prior New York state court conviction and sentence for falsifying business records in violation of McKinney's Penal Law § 175.05. This argument, as well, is without merit. Under U.S.S.G. § 4A1.1(c), one Criminal History Point is added for each prior criminal sentence which did not result in at least sixty days' imprisonment. Because Milstein paid a $500 fine but was not imprisoned for the New York state conviction, the District Court accorded one Criminal History Point under that section. PSR ¶ 30. However, Milstein claims that his prior sentence falls within the category of certain excluded misdemeanor and petty offenses for which, circumstances depending, a criminal history point is not assigned. *See* U.S.S.G. § 4A1.2(c).[3] The misdemeanor and petty offenses which can qualify for the

---

[3]Section 4A1.2(c) states:

7

exclusion are listed in U.S.S.G. § 4A1.2(c), and the offense of falsifying business records is

not among them. Furthermore, Milstein does not identify–and this Court does not find–any

of the offenses listed in § 4A1.2(c)(1) or (2) to be sufficiently analogous to the offense of

falsifying business records as would justify including his prior offense among those which

---

Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:

(1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
>  Careless or reckless driving
>  Contempt of court
>  Disorderly conduct or disturbing the peace
>  Driving without a license or with a revoked or suspended license
>  False information to a police officer
>  Fish and game violations
>  Gambling
>  Hindering or failure to obey a police officer
>  Insufficient funds check
>  Leaving the scene of an accident
>  Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)
>  Non-support
>  Prostitution
>  Resisting arrest
>  Trespassing

(2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:
>  Hitchhiking
>  Juvenile status offenses and truancy
>  Loitering
>  Minor traffic infractions (e.g., speeding)
>  Public intoxication
>  Vagrancy.

U.S.S.G. § 4A1.2(c).

8

can qualify for the exclusion. *See United States v. Elmore*, 108 F.3d 23, 27 (3d Cir. 1997) (holding that, in the Third Circuit, the determination of whether a prior conviction is for an offense sufficiently similar to one of the identified offenses in U.S.S.G. § 4A1.2(c) turns on a comparison of the elements of the offense of the prior conviction and the proposed analogous offense under § 4A1.2(c)). Thus, because Milstein's prior sentence does not qualify for the exclusion provided by § 4A1.2(c), the District Court did not err by finding that Milstein's prior sentence warranted the addition of a Criminal History Point.

Third, Milstein maintains that his sentence was unreasonable. In reviewing a sentence for unreasonableness, our inquiry proceeds in two steps. First, this Court must be satisfied that the District Court gave "meaningful consideration" to the sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). It is not necessary for the sentencing court to "discuss every argument made by a litigant if an argument is clearly without merit." *Id.* (citation omitted). Neither is it necessary for the sentencing court to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.* (citations omitted). However, "a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *Id.* (citation omitted). Indispensable to the District Court's task of giving "meaningful consideration" to the sentencing factors is that court's calculation of the correct guidelines range applicable to the particular case. *Id.* at 330. Second, after finding that the sentencing court did meaningfully

consider the factors listed in 18 U.S.C. § 3553(a), we must also make sure the sentencing court reasonably applied those factors to the circumstances of the case. *Id.* In this second step, a Court of Appeals must "apply a deferential standard, the trial court being in the best position to determine the appropriate sentence." *Id.* Finally, the party challenging the sentence bears the burden of proving its unreasonableness. *Id.* at 332.

Milstein asserts that the District Court did not reasonably apply the sentencing factors to the circumstances of the case, and more specifically, that the Court gave inadequate consideration to Milstein's asserted remorse and lack of recidivism. We find, however, that Milstein has failed to show that the sentence he received was unreasonable. As demonstrated in the above discussion of the appropriate number of Criminal History Points Milstein merited, Milstein's only challenge to the District Court's calculation of the guidelines range is rejected. In addition, as the above recitation of the facts chronicles, the District Court meaningfully addressed and resolved each of the claims presented by Milstein in his written sentencing submission and those he raised at his sentencing hearing. Furthermore, the record reflects the District Court's explicit consideration of the statutory sentencing factors. App. 29. As for Milstein's contention that the District Court, in applying these factors to his circumstances, did not recognize his "remorse and lack of recidivism," it is rejected. First of all, the District Court, noting Milstein's prior convictions for falsifying business records and for conspiracy to commit wire fraud, properly found that Milstein was, in fact, a recidivist. App. 30. Regarding Milstein's asserted remorse, given our deferential standard of review and the fact that Milstein's letter to the judge presented no exceptional circumstances, we cannot

say that the District Court, in imposing a sentence of imprisonment largely concurrent with the sentence Milstein was currently serving for wire fraud conspiracy, unreasonably applied the sentencing factors to Milstein's case.

For these reasons, we will affirm.